**WEST, et al., Plaintiffs-Appellees, v. SELVEY, et al., Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3854.   Decided October 19, 1945.

476

W. B. McLeskey, Columbus, for plaintiffs-appellees.

Knepper, White & Dempsey, Columbus, for defendants-appellants.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation.

## OPINION

By MILLER, J.

This is an appeal on question of law from the Court of Common Pleas, Franklin County, Ohio.

The record discloses that the defendants reside at 5273 North High Street in Franklin County, and between the municipalities of Columbus and Worthington. The territory is predominantly residential. On or about October 26, 1944, the plaintiffs commenced an action to enjoin the defendants from maintaining a nuisance on their premises, the basis therefor being that the defendants operated a dog kennel, where it was their practice to breed, raise, sell and board dogs as a business. Some of the plaintiffs purchased their homes or moved into said community after the defendants commenced the operation of said kennel, and others of the plaintiffs resided there before the said kennel was established.

The cause came on for hearing and on April 2, 1945, the defendants were enjoined from maintaining said nuisance, the pertinent part of the finding of the Court being as follows: "that said kennel as so operated by said defendants and each of them constitutes a public nuisance and the same should accordingly be abated".

In July, 1945, the plaintiffs filed an application for an order requiring the defendants to appear and show cause why they should not be held in ·contempt of court for failing to abate said nuisance. Such order was issued and the contempt proceedings came on to be heard. Testimony was taken and the Court found the defendants in contempt, and on July 17, 1945, issued the following order:

"It is, therefore, ordered, adjudged and decreed that a fine of $25.00 be and the same is hereby imposed upon each of said defendants and that each of said defendants be and they hereby are ordered and directed to cease the operation of a commercial dog kennel upon the premises in said petition described, and/or upon the premises owned and used by them contiguous thereto, on or before the 11th day of August, 1945. Provided, however, that if said defendants and each of them · cease the operation of said commercial dog kennel on said premises on or before said date that said fines shall thereupon be suspended."

It is from this order and judgment of the Court that this appeal is taken.

The assignments of error are:

(1) The Court erred in finding the appellants guilty of contempt of court.

(2) The judgment of the court is not supported by sufficient evidence.

(3) The judgment of the court is contrary to law.

To maintain the first assignment of error the defendants contend that the injunction provided for in the entry filed April 2, 1945, was never binding upon these defendants because no bond has ever been given by the plaintiffs as required by statute. The statutes referred to are §11882 GC, which reads as follows:

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining it gives a bond * * * in an amount to be fixed by the court or judge allowing it, to secure to the party enjoined the damages he may sustain, if it be finally decided that the injunction ought not to have been granted."

And also, §11885 GC:

"An injunction shall bind a party from the time he has notice thereof, and the bond required by the applicant therefor is executed."

We interpret these sections to require a bond before a temporary injunction becomes effective, but that it has no application to a permanent injunction. So far as we can find no court has ever held that where the sole relief sought was a permanent injunction, a bond must have been given before the judgment granting such relief became effective, unless the court order required a bond to be given. It is true that §11882 GC uses the word "injunction" without indicating whether it refers to a temporary or a permanent one. However, upon consideration of the entire chapter on injunctions, it would seem to be clear that §11882 GC refers to temporary injunctions only. Furthermore, it seems from the context of §11882 GC that the word "injunction" as used therein refers to a temporary injunction only. This is indicated by the phrase "if it be finally decided that the injunction ought not to have been granted". This language seems to indicate that the injunction referred to in that section is one granted in the course of the litigation, the ultimate disposition of which would be determined by the final judgment in the case. The judgment of April 2, 1945, was a final order and not a temporary one, and no bond was ordered by the Court to be given.

Reference has been made by the appellants to 21 O Jur 1299, which uses the phrase "injunction or a restraining order," thereby indicating that the word "injunction" and the phrase "restraining order" are used interchangeably and accordingly refer to the same thing. In legal parlance, a temporary injunction may be called such or it may be termed "a restraining order".

The appellants have made reference to numerous Ohio cases where a bond has been required before an injunction became effective, and an examination of these cases discloses that only a temporary restraining order was involved.

Taking up now the second assignment of error, that the judgment of the Court is not supported by sufficient evidence, the appellants are contending that a contempt proceeding is quasi-criminal and accordingly the proceedings are required to conform with the procedure in criminal cases, and that the criminal rule as to burden of proof must be applied.

It is true that some courts have termed them quasi-criminal. However, the better view seems to divide them into two classes depending upon the source from which they spring. If the proceedings arise out of criminal action, then they are criminal in their nature. If, however, they arise from a civil proceeding, they are civil.

**Hayes v Hayes, 11 Oh Ap 14,** syllabus 2 reads as follows:

"Proceedings for contempt are of two classes. Those prosecuted to preserve the power and vindicate the authority of the court are criminal and punitive in their nature. Those instituted to preserve and enforce the rights of private persons are civil, remedial and coercive."

Where the proceeding has been regarded as quasi-criminal we find the degree of proof required is that the evidence be clear and convincing. **Loney v Hall, 8 Oh Ap 154; The Union Reduction Co. v Story, 8 Oh Ap 381.** The trial court in arriving at its decision stated:

"The evidence before us is clear and convincing in establishing that the nuisance which we found to have existed at the time the order was made has not been abated."

We have read the entire record in this case and are of the opinion that the trial court was correct in arriving at its conclusions. All of the plaintiffs' witnesses and practically all of the defendants' witnesses testified that they heard these dogs barking and howling at various times of the day or night season. This noise would certainly constitute a nuisance and cause a disturbance to the residents throughout the community.

We find no merit in this assignment of error.

The last assignment of error is that the judgment of the court is contrary to law. The error charged here is that the Court ordered and directed the defendants to cease operating a commercial dog kennel upon the premises owned by them or upon premises used by them contiguous thereto. The appellants contend that this order was grossly unfair to the defendants and was beyond the power of the Court under circumstances shown by the record, even if the injunction had gone into operation. It is our view that if the trial court

had inherent power to adjudge the defendants guilty of contempt, then it had inherent power to impose a penalty reasonably commensurate with the gravity of the offense. This was so held in **State, ex rel. v Albin, 118 Oh St 527,** syllabus 1:

"1. A court created by the constitution has inherent power to define and punish contempts, such power being necessary to the exercise of judicial functions. **Hale v State, 55 Oh St 210,** * * approved and followed."

Syllabus 2:

"Upon the punishment of persons adjudged guilty of contempt, the courts have inherent power to impose a penalty reasonably commensurate with the gravity of the offense."

Since the trial Court found, and we think properly so, that the defendants not only did not but could not conduct this kennel in compliance with his original order, we feel that it was justified in ordering them to cease its operation altogether.

In **Union Reduction Company v Story, 8 Oh Ap 381,** the Court said:

"If a person or corporation cannot carry on his or its business without making it so offensive and annoying to others who have property in the neighborhood as to deprive them of the enjoyment and healthful use of their own property, courts of equity should enjoin the continuance of the business entirely."

The trial Court has seemed to be fair and considerate in this matter. When the injunction was granted the defendants were not ordered to cease operation of the kennel, the Court said, because he wanted to give them an opportunity to comply by abating the nuisance. It was only after the hearing in the contempt proceedings that the Court reached the conclusion that the only means by which this nuisance could be abated was by ordering the defendants to cease their operation altogether.

We find no error in the record and for the reasons stated the judgment is affirmed.

HORNBECK, P. J., and MONTGOMERY, J., concur.